## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION

**ZUOLIN CHEN**, on behalf of herself and all
others similarly situated,

                               Civil Action No.:  3:18-cv-74

          Plaintiff,

     v.

**BANK OF AMERICA**                 **CLASS ACTION COMPLAINT**
**CORPORATION**,

                                **JURY TRIAL DEMANDED**

          Defendant.

---

### PLAINTIFF'S ORIGINAL CLASS ACTION COMPLAINT

Plaintiff, Zuolin Chen, on behalf of herself and all others similarly situated, by and through her undersigned attorneys, brings this class action lawsuit against Defendant Bank of America Corporation (hereinafter referred to as "BOA" or "Defendant") and alleges as follows:

### NATURE OF THE ACTION

1.     Like most major credit card issuers in the United States, BOA offer rewards programs to its cardholders. These programs entice consumers to apply for credit cards and, once enrolled, to use the credit cards more frequently to earn rewards for the amounts charged on them. These rewards are typically awarded in the form of points based on the dollar amount of purchases made. These points can then be redeemed for airline miles, hotel stays, merchandise, services, or even cash.

2.     There are various types of credit card rewards programs on the market today and credit card issuers typically have several different programs available at one time, with some programs available only for a limited time or to a selected group of customers.

3.     As the Consumer Financial Protection Bureau reported in a December 2015 article, while the Credit Card Accountability Responsibility and Disclosure Act addressed certain deceptive practices in the credit card industry, concerns remain regarding rewards programs.  As noted:

> **Rewards programs have obscure and incomplete terms and conditions:** Over half of all consumers say they select credit cards based on the rewards they provide. But the terms of rewards programs are often not available to consumers until after they apply for the card. Even then, some rewards terms may be obscured by glossy "program guides" that provide only partial information. And if consumers were to find, read, and understand the terms, they would frequently discover that issuers retain the right to change those terms at any time, for any reason.[1]

4.     BOA, like other credit card issuers, offers its cardholders a wide array of credit card rewards programs, including travel rewards credit card that allows cardholders to redeem points for air travel or hotel stays. BOA also offers a cash back rewards program that allows cardholders to redeem points for gas, groceries, drug store purchases, and more.

5.     Plaintiff Zuolin Chen applied for, received and used a BOA Visa Signature Travel Rewards card ending in 7739. From 2015 until 2017, she charged thousands of dollars in household purchases to the card and made timely payments each month. The rewards points she earned accumulated on the 5th day of every month, as guaranteed, and Plaintiff saved or redeemed the earned points at her discretion.

6.     On or about May 18, 2017, Plaintiff received written notification that BOA had terminated her BOA Travel Rewards credit card, despite the fact that her account had never been in default, and despite the fact that she never missed a monthly payment. In terminating her

---

[1] https://www.consumerfinance.gov/about-us/newsroom/cfpb-finds-card-act-helped-consumers-avoid-more-than-16-billion-in-gotcha-credit-card-fees/

account, BOA stripped Plaintiff of all the unredeemed rewards points that she had earned – without any form of compensation whatsoever.

7.      Defendant's conduct in revoking reward points of cardholders at BOA's sole discretion at any time, even when the cardholder's account was not in default, without any form of compensation to cardholders, is deceptive and unlawful. Plaintiff, therefore, brings this action to redress this wrong on behalf of herself and the Class she seeks to represent.

## THE PARTIES

8.      Plaintiff Zuolin Chen ("Plaintiff") is a citizen of Texas and resides in Katy, Texas.

9.      Defendant Bank of America Corporation is a banking institution with a principal place of business at Bank of America Corporate Center, 100 N. Tryon Street, Charlotte, North Carolina 28255. Upon information and belief, Bank of America, N.A., is an affiliate and subsidiary of Defendant Bank of America Corporation.

## JURISDICTION AND VENUE

10.     This Court has jurisdiction over this matter pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d), in that:

    i.   This is a class action involving 100 or more class members;

    ii.  Plaintiff, a citizen of Texas, is diverse in citizenship from Defendant Bank of America Corporation, which is incorporated in Delaware and has its principal place of business in North Carolina; and

    iii. The matter in controversy exceeds $5,000,000, exclusive of interests and costs.

11.     This case is properly maintainable as a class action pursuant to and in accordance with Rule 23(a) of the Federal Rules of Civil Procedure in that:

3

12.     The class is so numerous that joinder of all members is impractical;

13.     There are substantial questions of law and fact common to the class including those set forth in greater particularity herein;

14.     This case is properly maintainable as a class action pursuant to Rule 23(b) of the Federal Rules of Civil Procedure, in that:

      i.   Questions of law and fact enumerated below, which are all common to the class, predominate over any questions of law or fact affecting only individual members of the class;

      ii.   A class action is superior to any other type of action for the fair and efficient adjudication of the controversy;

      iii.   The relief sought in this class action will effectively and efficiently provide relief to all members of the class; and

      iv.   There are no unusual difficulties foreseen in the management of this class action.

15.     The Court has personal jurisdiction over BOA, which has at least minimum contacts with this State because it has its principal place of business in this state and has conducted business here. Further, BOA has purposefully availed itself of the resources and privileges of this State through its promotion, sales, and marketing efforts.

16.     This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

17.     This Court is a proper venue in which to bring this action, pursuant to 28 U.S.C. § 1391, inasmuch as a substantial part of the events or omissions giving rise to the claims occurred within the District in which this Court sits.

4

## FACTUAL ALLEGATIONS

18.     The premise of credit card rewards programs is simple. Credit card points and miles are earned whenever the credit card is used. The standard model is that for every one dollar spent on the card, one point or one airline mile is earned. Some cards have special provisions that allow additional points to be earned in certain situations. For example, branded cards for a retail establishment, airline, or hotel may offer more points for purchases made directly from that company. In addition, some credit cards offer differing point earnings based upon certain categories of spending, such as more points for each dollar spent at gas stations or grocery stores.

19.     Points and miles that are earned may be redeemed for rewards. Rewards cards can generally be broken into groups based on the type of rewards they offer. Some cards offer rewards in a number of categories; others are more specialized and may provide only one or two incentive options. The most common types of incentives programs are as follows:

- Airline rewards cards that can be redeemed toward flights;

- Cash back rewards cards that return a percentage of the money a person spends on the card;

      and

- Points cards that can be redeemed for merchandise, gift cards, or services.

20.     Credit cards offer rewards in order to appeal to a large market segment that might otherwise be unprofitable. Offering rewards to this segment helps credit card companies lower account acquisition costs and increases interchange revenues, which make the segment more profitable.

21.     Credit cards offering rewards target consumers who might otherwise shun the use of credit. Rewards give people an incentive to open accounts and use credit cards more than other

forms of payments: cash, checks, debit cards, etc. That is, rewards cards provide an incentive for people to spend more money on credit rather than using cash.

22.     BOA offers cardholders a wide variety of credit card rewards programs. For example, below is a list of BOA Cash Rewards cards that the company currently offers through the BOA website.

      i.    Bank of America Cash Rewards

     ii.    Bank of America Premium Rewards

    iii.    Susan G. Komen Cash Rewards Visa

     iv.    MLB

      v.    World Wildlife Fund

     vi.    U.S. Pride

23.     Most of these cash rewards programs offer 1% cash back on every purchase, 2% at grocery stores and wholesale clubs, and 3% on gas for the first $2,500 in combined grocery/wholesale club/gas purchases each quarter.

24.     BOA also offers Travel & Airline Rewards and Points Rewards cards, including the following currently offered through the BOA website:

      i.    Bank of America Travel Rewards

     ii.    Bank of America Premium Rewards

    iii.    Alaska Airlines Visa Signature

     iv.    Spirit Airlines

      v.    Allegiant World Mastercard

     vi.    Amtrak Guest Rewards World Mastercard

    vii.    Norwegian Cruise Line

      viii.    Royal Caribbean

       ix.    Virgin Atlantic

        x.    Asiana Visa Signature

       xi.    Celebrity Cruises

25.     BOA's Travel Reward cards offer programs, often tailored to a specific airline or travel company, which allow cardholders to earn a certain amount of points and often bonus points on traveling and dining purchases.

26.     BOA Points Rewards programs often offer unlimited points – either 1.5 points for every dollar spent or up to 2 points for purchases made on travel and dining.

27.     BOA's programs tout that you can earn points on any purchase at any time.

28.     BOA's Points Programs also incentive cardholders with bonus points if they make a certain amount of purchases in a given time period.  For example, BOA's Premium Rewards card currently offers "50,000 bonus points – a $500 value – after you make at least $3,000 in purchases in the first 90 days of account opening."[2]

29.     Some cards, such as Discover, have begun to include guarantees into their reward programs that earned rewards will be paid if the card is closed.[3]   BOA does not.

## FACTUAL ALLEGATIONS AS TO PLAINTIFF

30.     In approximately September 2015, Plaintiff Zuolin Chen applied for and received a BOA BankAmericard Travel Rewards credit card. This program allowed cardholders to earn one 1.5 base points per $1 spent in net purchases. In addition, BOA Rewards cardholders could earn additional points for qualifying purchases made online through a program booking site. Points

---

[2] https://www.bankofamerica.com/credit-cards/point-rewards-credit-cards/ (last visited December 15, 2017).
[3] https://www.creditcards.com/credit-card-news/rewards-cards-complaints-surge-cfpb.php

earned in a given month are calculated and credited to the cardholder monthly, as reflected on that month's account statement.

31.     Consistent with BOA's promotional materials, it was represented to Plaintiff when she opened her account that, as long as her account was in good standing, she was eligible to earn points, her points did not expire, and she could redeem those points for various rewards including cash, travel credits, and gift cards.

32.     From 2015 until 2017, Plaintiff Zuolin Chen charged thousands of dollars in household purchases to her BOA Travel RewardsTravel Rewards credit card.  In fact, for a period of time it was the primary credit card she used.

33.     Plaintiff, like thousands of other BOA rewards cardholders, did so with belief that her expenditures would result in the accumulation of rewards points which would not expire. Plaintiff made numerous purchases on her credit card every month.

34.     Plaintiff paid her balance and maintained her account in good standing at all times.

35.     Plaintiff earned points and regularly redeemed them for various rewards.

36.     Then, on May 18, 2017, Plaintiff received notice from BOA that it had "closed her account due to irregularity in authorized user activity." The notice stated that BOA would "no longer authorize any further transactions," and directed Plaintiff to continue to make the minimum payments due on the account if it had a balance.

37.     Plaintiff received a June 9, 2017 account statement from BOA indicating she had an outstanding balance of $ 1,270.14.  She paid the outstanding balance in accordance with the parties' agreement.

38.     The June 9, 2017 account statement also showed a rewards balance of 5,278 points, earned on the purchases made before the May 18, 2017 account cancellation. However, when

Plaintiff attempted to redeem this final points balance, she was met with an error message and no way to redeem the points.

39.     The points that Plaintiff earned, by making expenditures on her BOA Travel Rewards card, have a real, ascertainable value and could have been redeemed for cash, merchandise, gift cards or other benefits. In fact, Plaintiff Zuolin Chen had in the past redeemed thousands of BOA Rewards points without difficulty for rewards, including cash credits towards her account balance at a rate of $ .01 per point.

40.     In terminating her account, BOA stripped Plaintiff of all the unredeemed rewards points that she had earned under the terms of their agreement – without any form of compensation whatsoever.

## CLASS ACTION ALLEGATIONS

41.     Plaintiff brings this action on behalf of herself and a class of all other persons similarly situated (the "Class"), pursuant to Rule 23 of the Federal Rules of Civil Procedure.

42.     Plaintiff brings this action as a class representative to recover damages and/or refunds from BOA for fraudulent inducement, breach of the covenant of good faith and fair dealing, violations of consumer protection laws, unjust enrichment, and conversion.

43.     This action satisfies the numerosity, commonality, typicality, adequacy, predominance, and superiority requirements of the Federal Rules of Civil Procedure Rule 23(a) and (b).

44.     Plaintiff seeks certification of a class defined as follows:

*All BOA rewards cardholders enrolled in a BOA rewards program during the applicable statutory period who were not in default and had their accounts closed and their rewards points taken from them without compensation.*

9

45.    Plaintiff alleges that BOA's conduct in terminating Plaintiff's credit card account and revoking the rewards points that she earned was not an isolated transaction but was part of a continuing course of conduct in which BOA engaged over a discrete period of time. Because Defendant's scheme was part of a continuing course of conduct, Plaintiff may prevail on claims resulting from any act that was part of that continuing course of conduct, even if the particular act was outside the applicable limitations period.

46.    Plaintiff reserves the right to modify or amend the definition of the proposed Class before the Court determines whether certification is appropriate.

47.    Excluded from the Class are:

    a.    Defendant and any entities in which Defendant has a controlling interest;

    b.    Defendant's officers, directors, agents, and representatives and their family members;

    c.    Any entities in which Defendant's officers or directors are employed;

    d.    The Judge to whom this case is assigned and any member of the Judge's immediate family and any other judicial officer assigned to this case;

    e.    All persons or entities that properly execute and timely file a request for exclusion from the Class;

    f.    Any attorneys representing Plaintiff or the Class; and

    g.    All governmental entities.

48.    Numerosity – Fed. R. Civ. P. 23(a)(1). Upon information and belief, the Class is so numerous that joinder would be impracticable. This belief stems from, among other things, numerous online consumer complaints made by BOA credit cardholders, including those memorialized on the Consumer Fraud Protection Bureau's online database which can be found at www.consumerfinance.gov, regarding the very same conduct as alleged herein. The identity of

10

the Class members is ascertainable from records maintained by the Defendants and their agents. In addition, the Class members may be located and informed of the pendency of this action by a combination of electronic bulletins, e-mail, direct mail and public notice, or other means, including records kept by BOA. The disposition of the claims of the proposed class members through this class action will benefit both the parties and the Court.

49.     Predominance of Common Questions – Fed. R. Civ. P. 23(a)(2), 23(b)(3). There is a well-defined community of interest in the questions of law and fact involved affecting members of the Class. The questions of law and fact common to the Class predominate over questions affecting only individual Class members, and include, but are not limited to, the following:

a.  Whether BOA's scheme of revoking the rewards points of cardholders not in default without fair compensation, as alleged in this Complaint, is deceptive, unlawful, and/or unfair in violation of state consumer protection law;

b.  Whether BOA's misleading and deceptive conduct as alleged herein fraudulently induced Plaintiff and the Class to enter into a contractual relationship;

c.  Whether BOA's scheme of revoking the rewards points of cardholders not in default without fair compensation, as alleged in this Complaint, amounts to a breach of the covenant of good faith and fair dealing;

d.  Whether BOA's scheme of revoking the reward points of cardholders not in default without fair compensation, as alleged in this Complaint, unjustly enriched Defendant;

e.  Whether BOA's scheme of revoking the reward points of cardholders not in default without fair compensation, as alleged in this Complaint, was an unlawful assumption of right over them;

f.   Whether Plaintiff and the Class members are entitled to restitution of all amounts acquired by BOA through its common and uniform scheme;

g.   Whether Plaintiff and the Class members are entitled to injunctive relief requiring the disgorgement of the value of rewards points wrongfully seized by BOA;

h.   Whether Plaintiff and the Class members are entitled to prospective injunctive relief enjoining BOA from continuing to engage in the deceptive, unlawful, and unfair common scheme as alleged in this Complaint; and

i.   Whether Plaintiff and the Class members are entitled to recover compensatory and punitive damages as a result of BOA's wrongful scheme.

50.   Typicality – Fed. R. Civ. P. 23(a)(3). Plaintiff asserts claims that are typical of the entire Class, having BOA rewards points that have been earned wrongly taken from them without compensation. Plaintiff and the Class members have similarly suffered harm arising from BOA's violations of law as alleged in this Complaint.

51.   Adequacy – Fed. R. Civ. P. 23(a)(4); 23(g)(1). Plaintiff is an adequate representative of the Class because she fits within the class definition and has an interest that is not antagonistic to or in conflict with the interests of the Members of the Class she seeks to represent. Plaintiff will prosecute this action vigorously for the benefit of the entire Class. Plaintiff is represented by experienced and able attorneys that will serve effectively as class counsel. Plaintiff's Counsel has litigated numerous class actions, and Plaintiff's Counsel intends to prosecute this action vigorously for the benefit of the entire Class. Plaintiff and Plaintiff's Counsel can and will fairly and adequately protect the interests of all of the Members of the Class.

52.   Predominance and Superiority – Fed. R. Civ. P. 23(b)(3). This class action is the best available method for the efficient adjudication of this litigation because individual litigation of

Class Members' claims would be impracticable and individual litigation would be unduly burdensome to the courts. Plaintiff and the members of the Class have suffered harm as a result of BOA's fraudulent, deceitful, unlawful, and unfair conduct. Because of the size of each individual Class members' claims, no Class members could afford to individually seek legal redress for the wrongs identified in this Complaint. Without the class action vehicle, the Class would have no reasonable remedy and would continue to suffer losses, as BOA continues to engage in the unlawful, unfair, and unconscionable conduct that is the subject of this Complaint, and BOA would be permitted to retain the proceeds of its violations of law. Further, individual litigation has the potential to result in inconsistent or contradictory judgments. A class action in this case presents fewer management problems and provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

53.     Injunctive or Corresponding Declaratory Relief – Fed. R. Civ. P. 23(b)(2). BOA has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole.

## COUNT ONE

### *Fraudulent Inducement*

54.     Plaintiff repeats and realleges all preceding paragraphs of the Complaint as though set forth at length herein.

55.     Defendant BOA represented to potential card members, including Plaintiff and Class Members that they would earn points for certain purchases or cash back for certain purchases.

56.     The terms of the rewards programs, including how cardholders would be rewarded for purchases made, were material facts in Plaintiff's and Class Members' choice to enter into a credit agreement with BOA.

57.     BOA's statements in its advertising and promotional materials about its rewards programs are intentional, positive statements which induced Plaintiff and Class Members to apply for the BOA Rewards card.

58.     These statements constituted misrepresentations of material fact because BOA did not give cash back or other compensation for earned and bonus points based on Plaintiff's and Class Members' purchases when BOA unilaterally cancelled their accounts.

59.     BOA knew or should have known of the falsity of these representations when made.

60.     These statements were reasonably calculated to deceive Plaintiff and Class Members and these statements regarding rewards to be conferred upon cardholders were made with the intent to deceive Plaintiff and Class Members.

61.     Plaintiff and the members of the Class were in fact deceived by BOA's misrepresentations, which induced them to enter into the contractual agreement which caused them economic harm and injury.

## COUNT TWO

### *Breach of the Covenant of Good Faith and Fair Dealing*

62.     Plaintiff repeats and realleges all preceding paragraphs of the Complaint as though set forth at length herein.

63.     BOA and its cardholders, including Plaintiff and other Members of the Class, entered into a valid contract regarding a BOA Rewards credit card.

64.     Implied within this agreement were the covenants of good faith and fair dealing that neither party would do anything to injure the right of the other of receiving the benefits of the agreement.

14

65. Included among the benefits of the contract between BOA and its cardholders, including Plaintiff and Class Members, were the rewards given in the form of points redeemable for cash or other items of value.

66. BOA's conduct in revoking the rightfully earned reward points of cardholders, including those of Plaintiff and Class Members, at BOA's sole discretion at any time without any form of compensation to cardholders, including Plaintiff and Class Members, constitutes an absence of good faith on the part of BOA.

67. By failing to pay cardholders for earned rewards after unilaterally closing an account in good standing, BOA has thus breached the covenant of good faith and fair dealing inherent in the parties' agreement.

68. Plaintiff and the members of the Class have performed all, or substantially all, of the obligations imposed on them in the contract. Namely, Plaintiff and Class Members were not in default under the agreement and made timely payments.

69. Plaintiff and members of the Class have sustained damages as a result of BOA's breach of the covenant of good faith and fair dealing.

## COUNT THREE

### *Violations of the Deceptive Trade Practices of State Statutes*

### *Prohibiting Unfair and Deceptive Acts and Practices*

70. Plaintiff repeats and realleges all preceding paragraphs of the Complaint as though set forth at length herein.

71. The state deceptive trade practices acts were enacted by various states following the passage of the Federal Trade Commission Act ("FTC Act"), which prohibits deceptive acts and

practices in the sale of products to consumers. In this regard, the state laws in this area are modeled on the FTC Act, and, therefore, are highly similar in content.

72.     BOA's conduct, as described in the preceding paragraphs of this Complaint, constitutes unfair or deceptive acts or practices in trade or commerce in violation of the following state deceptive trade practices acts and other similar state statutes prohibiting unfair and deceptive acts and practices:

> a.   Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of N.C.G.S. § 75-1.1, *et seq.*

73.     More specifically, BOA's unfair or deceptive and, thus, unlawful conduct consisted of: revoking duly earned reward points of cardholders not in default without providing adequate compensation.

74.     BOA's unlawful conduct as described herein caused injury to Plaintiff and Class Members equal to the dollar value of the rewards points earned.

75.     BOA's unlawful conduct in deceiving consumer cardholders as described herein was done in or affected commerce.

76.     The unfair or deceptive acts or practices of BOA as alleged herein were willfully or knowing violation of the laws set forth above.

77.     Plaintiff and Class Members have been injured by BOA's unfair or deceptive acts or practices.

78.     BOA's deceptive practices were the proximate cause of Plaintiff's and Class Members' injuries.  Had Defendant not closed their accounts without notice and without any opportunity to redeem the points earned, Plaintiff and Class Members would have not lost the value of points they rightfully earned.

79.     Plaintiff and Class Members are also entitled to injunctive and declaratory relief including, without limitation, orders declaring BOA's practices as alleged herein to be unlawful, unfair, unconscionable and/or deceptive, and enjoining BOA from undertaking any further unlawful, unfair, unconscionable, and/or deceptive acts or omissions.

80.     Specifically, Plaintiff seeks injunctive relief enjoining BOA from continuing to engage in the deceptive, unlawful, and unfair common scheme described in this Complaint.

81.     Plaintiff asks the Court to grant the remedy of restitution to herself and all members of the Class whose rewards points were revoked without compensation. Specifically, Plaintiff asks the Court to grant the following relief:

>     A refund in an amount equal to the value of all rewards points wrongfully taken
>
>     from Plaintiff and the members of the Class.

82.     Plaintiff and Class Members are also entitled to disgorgement and restitution of BOA's ill-gotten gains in the form on unlawful profits obtained from the conduct described in detail herein.

## COUNT FOUR

### *Conversion*

83.     Plaintiff repeats and realleges all preceding paragraphs of the Complaint as though set forth at length herein.

84.     The points earned by Plaintiff and Class Members and made part of their account statement and balance were owned by Plaintiff and each Class Members.

85.     The points earned by Plaintiff and Class Members were goods which had independent and measurable value.

17

86.     To the exclusion of others, Plaintiff and Class Members had access to redeem the points for cash or other tangible items.

87.     This right was exclusive to each cardholder because each points amount was calculated based on that cardholder's purchases.

88.     No other cardholder or third party, including BOA, could redeem or use the points of another because they were owned by the accountholder, including Plaintiff and the Class Members.

89.     In revoking duly earned reward points of cardholders not in default but keeping the points earned and owned by those cardholders, including Plaintiff and Class Members, BOA has unjustly excluded Plaintiff and Class Members from access to them.

90.     Additionally, in revoking duly earned reward points of cardholders not in default, including Plaintiff and Class Members, and attributing to them a value of zero without any redemption by Plaintiff or Class Members, BOA has intentionally altered their condition and destroyed them without authorization.

91.     BOA did not lawfully obtain possession or control over Plaintiff's earned points and could not lawfully exercise such control over them.

92.     Plaintiff has thus been deprived of these goods and is entitled to recover damages in the amount of the fair market dollar value of the points at the time they were converted, plus interest.

<u>**COUNT FIVE**</u>

*Unjust Enrichment*

93.     Plaintiff repeats and realleges all preceding paragraphs of the Complaint as though set forth at length herein.

94.    Should the Court determine that a valid, enforceable, and binding contractual relationship regarding the rewards points earned did not exist between the parties at any time, Plaintiff brings this claim in the alternative for unjust enrichment.

95.    BOA's conduct in revoking the rightfully earned reward points of cardholders at BOA's sole discretion at any time without any form of compensation to cardholders amounts to an illusory promise rendering the rewards contract unenforceable.

96.    Because of the wrongful activities described above, including revoking the rewards points of cardholders not in default, without any compensation, Defendant has benefited financially because they have not paid out cardholders for rewards rightfully earned.

97.    This benefit is not gratuitous and is measurable based on the terms of BOA's own representations and cardholders' abilities to redeem points for cash and other items of a specified value.

98.    There was no justification to confer this benefit on BOA because Plaintiff's and Class Members' accounts were in good standing.

99.    BOA was unjustly enriched by revoking the rewards points of cardholders not in default without having paid any compensation to cardholders.

100.    BOA consciously accepted this benefit.

101.    Under principles of equity and good conscience, Defendant should not be permitted to keep the money which would have been given to Plaintiff and Class Members had they been given the opportunity to redeem their points.

102.    As a result of BOA's actions resulting in this unjust enrichment, Plaintiff and Class members suffered actual damages for which BOA is liable. BOA's liability for those damages should be measured by the extent of its unjust enrichment.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment:

    i.  That the Court determines that this action may be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure, that Plaintiff is a proper class representative, and that the best practicable notice of this action be given to members of the Class represented by the Plaintiff;

    ii.  Appointing Plaintiff as the representative of the Class and her counsel as Class counsel;

    iii.  That judgment be entered against BOA and in favor of Plaintiff and the Class on the Causes of Action in this Complaint, for injunctive relief and restitution, declaratory judgment, and for actual, compensatory damages in an amount to be determined at trial;

    iv.  That judgment be entered imposing pre-judgment and post-judgment interest on damages, litigation costs and disbursements, and reasonable attorneys' fees against BOA;

    v.  For all other further relief as this Court may deem necessary and appropriate.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all issues so triable.

Dated:  February 12, 2018

                           WHITFIELD BRYSON & MASON LLP

                           */s/ Daniel K. Bryson*
                           Daniel K. Bryson, NC Bar No.: 15781
                           Patrick M. Wallace, NC. Bar No.: 48138
                           900 W.  Morgan Street

20

Raleigh, North Carolina 27603
dan@wbmllp.com
pat@wbmllp.com
Telephone: (919) 600-5000
Facsimile: (919) 600-5035

STECKLER GRESHAM  COCHRAN PLLC
Bruce Steckler (*pro hac vice* forthcoming)
L. Kirstine Rogers (*pro hac vice* forthcoming)
12720 Hillcrest Road
Suite 1045
Dallas, TX 75230
Bruce@stecklerlaw.com
krogers@stecklerlaw.com
Telephone: (972) 387-4040
Facsimile: (972) 387-4041